IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17-CR-519 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| ATREL HOWARD, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Pursuant to this Court's Criminal Trial Order, the United States of America, by and through its counsel, Justin Herdman, United States Attorney, and Ranya Elzein and Michael Sullivan, Assistant United States Attorneys, respectfully submits the following trial brief.

**I.   Factual Summary**

On November 12, 2017, Atrel Howard ("Howard") called former Attorney General Eric Holder's ("Holder") work telephone number at the Covington & Burlington Law Firm in Washington, D.C. Howard called from a phone number associated with his father's home in Cleveland, Ohio. Howard left a voicemail for Holder in which he identified himself and threatened to kill Holder.

**II.     Charges and Applicable Law**

On December 13, 2017, a grand jury returned an indictment charging Howard with one count of Interstate Threatening Communications, in violation of 18 U.S.C. § 875(c). Section 875(c) provides prohibits the transmission "in interstate or foreign commerce [of] any communication containing any threat to kidnap any person or any threat to injure the person of another . . . ." 18 U.S.C. § 875(c).  In order to prove a violation of this provision, the government must prove: (1) the communication was transmitted in interstate commerce, (2) the defendant transmitted the communication either with the purpose of issuing a true threat or with knowledge that the communication would be understood as a true threat, and (3) the communication contained a true threat. *Elonis v. United States*, — U.S. —, 135 S. Ct. 2001, 192 L.Ed.2d 1 (2015).

The government does not have to prove that the defendant intended to carry out the threat or was even capable of carrying out the threat. *United States v. Miller*, 115 F.3d 361, 363 (6th Cir. 1997) ("[A] prosecutable threatening communication need not be supported either by evidence of the author's actual ability to carry out his threat, or his actual subjective intent to do so."). *United States v. Houston*, 683 F.App'x. 434, 439 (6th Cir. 2017) ("[A] statement can be found to be a 'true threat' even if the defendant lacks the ability to make good on his promised aggression.") (citing *United States v. Glover*, 846 F.2d 339, 344 (6th Cir. 1988)). Nor does the government have to prove that the defendant made the targeted individual feel threatened or that the targeted individual even knew about the threat against him. *Houston*, 683 F. App'x. at 438 ("A statement need not be communicated to the targeted individual in order to constitute a 'true threat.'") (citing *Alkhabaz*, 104 F.3d at 1495); *see also Jeffries*, 692 F.3d at 477 (same).

2

### III. Anticipated Evidentiary Issues

#### A. The Court Should Allow Howard's Probation Officer to Testify to her Prior Identification of Howard

The Government intends to call Howard's probation officer, who will testify that before trial, she identified Howard as the man speaking on the voicemail left for Holder. The Government anticipates a possible hearsay objection to such testimony. This out-of-court identification is not hearsay, however. Rather, it is admissible as substantive evidence under Federal Rule of Evidence 801(d)(1)(C).

The Federal Rules of Evidence exclude from trial out-of-court statements offered for the truth of the matter asserted, subject to various exceptions. *See* Fed. R. Evid. 802. The Rules define as not hearsay an out-of-court statement "of identification of a person made after perceiving the person" if the declarant "testifies at the trial or hearing and is subject to cross-examination concerning the statement." Fed. R. Evid. 801(d)(1)(C); *United States v. Owens*, 484 U.S. 554, 561 (1988). Under Rule 801(d)(1)(C), prior identifications are therefore admissible as substantive evidence. *United States v. Donovan*, 539 F. App'x 648, 657 (6th Cir. 2013).

The rationale for admitting statements of prior identification as substantive evidence stems from "the generally unsatisfactory and inconclusive nature of courtroom identifications as compared with those made at an earlier time under less suggestive conditions." Fed. R. Evid. 801(d)(1)(C), advisory committee's note (1972); *United States v. Perales*, 534 F. App'x. 502, 507 (6th Cir. 2013) (upholding district court's decision to allow an agent to testify to the witness's out-of-court identification of the defendant where the witness was subject to cross examination). In other words, an earlier, out-of-court identification that occurred in closer proximity to the alleged commission of the offense is more probative than an in-court identification.

3

Here the Government intends to call Howard's probation officer to testify about her prior, out-of-court identifications of Howard's voice. The government expects that she will testify that she met and spoke with Howard several times before making the identification, and she will each be subject to cross-examination. Accordingly, pursuant to Rule 801(d)(1)(C), the witness's testimony regarding her out-of-court identification is not hearsay and is admissible as substantive evidence.

## IV. Legal Issues

### A. Sequestration of Witnesses

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615.

## V. Length of Trial

The government anticipates the trial will last one to two days.

## VI. Conclusion

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

                                          Respectfully submitted,
                                          JUSTIN E. HERDMAN
                                          United States Attorney

                              By:   /s/ Ranya Elzein
                                          Ranya Elzein (OH: 0090887)
                                          Michael Sullivan (OH: 0064338)
                                          Assistant United States Attorney
                                          United States Court House
                                          801 West Superior Avenue, Suite 400
                                          Cleveland, OH 44113
                                          (216) 622-3929/3977
                                          (216) 522-8355 (facsimile)
                                          Ranya.Elzein@usdoj.gov
                                          Michael.Sullivan@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 19th day of July 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                     /s/ Ranya Elzein
                                                     Ranya Elzein
                                                     Assistant U.S. Attorney