IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17-CR-519 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | **ERIC H. HOLDER JR.'S MOTION TO** |
| | ) | **QUASH TRIAL SUBPOENA** |
| | ) | |
| ATREL HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

Eric H. Holder Jr., by and through his undersigned counsel, respectfully moves the Court to quash the trial subpoena dated July 3, 2018 directed to Mr. Holder commanding his appearance at trial on July 25, 2018 (the "Subpoena").  As set out below, the Subpoena should be quashed because Mr. Holder's testimony is neither relevant nor material, and because compelling Mr. Holder's appearance would impose an unreasonable burden on him.

**I.    Legal Standard**

Trial subpoenas for testimony are governed by Rule 17(a) of the Federal Rules of Criminal Procedure.  "Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles." *United States v. Peavler*, 2017 WL 1018304, at *1 (E.D. Ky. Mar. 10, 2017) (quoting *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000)).  "More specifically, a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Id.* (citing *United States v. Valenzuela Bernal*, 458 U.S. 858, 867 (1982)).  Under the "comparable principles" governing document subpoenas, moreover, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

**II. Argument**

The Subpoena should be quashed because (i) Mr. Holder's testimony would be neither relevant nor material; and (ii) requiring Mr. Holder's attendance would impose an unreasonable burden on him.

*First*, Mr. Holder's testimony has no conceivable relevance (let alone materiality) to this case. To prove a violation of 18 U.S.C. § 875, the government is *not* required to establish that the defendant made the targeted individual feel threatened or that the targeted individual even knew about the threat against him. *See United States v. Houston*, 683 F. App'x 434, 438 (6th Cir. 2017) ("A statement need not be communicated to the targeted individual in order to constitute a 'true threat.'"). The Sixth Circuit's decision in *United States v. Jeffries* is instructive in that regard. In *Jeffries*, the defendant posted a video threatening a judge online and shared it with several Facebook users, but not with the judge. 692 F.3d 473, 477 (6th Cir. 2012), *abrogated on other grounds by United States v. Elonis*, 135 S. Ct. 2001 (2015).[1] The Sixth Circuit upheld the defendant's conviction, approving the district court's instruction that "it [was] not relevant that [the judge] even viewed the communication." *Id.* (quotations omitted). As the intended recipient of the threatening message at issue in this case, Mr. Holder's testimony is accordingly irrelevant (and immaterial) under controlling Sixth Circuit law.

*Second*, compelling Mr. Holder's testimony would impose an unreasonable burden on him. Mr. Holder has a longstanding speaking commitment in Washington D.C. on July 25; compelling his attendance at trial would force him to break that commitment. And even apart

---

[1] *Elonis* "clarified the requisite *mens rea* with respect to the 'threat' element of [the] statute," *Houston*, 683 F. App'x at 437, and abrogated *Jeffries* to the extent it held that the statute does not require the government to prove a *mens rea* element. *See Jeffries*, 692 F.3d at 478. The aspects of *Jeffries* pertaining to the relevance of the *victim's* apprehension of the threat were not abrogated by *Elonis*, and *Jeffries* was cited favorably by the Sixth Circuit in *Houston*, after *Elonis* was decided. *See Houston*, 683 F. App'x at 438.

from this scheduling conflict, the subpoena is unreasonably burdensome because it would force Mr. Holder to travel to Cleveland and appear to testify for no purpose.  As discussed above, Mr. Holder has no testimony to provide of any conceivable relevance to this case.  Necessarily, then, the Subpoena is unreasonably burdensome, since any amount of burden imposed on Mr. Holder would outweigh the zero relevance of Mr. Holder's testimony to this case.  More than that, the Subpoena would permit the defendant to renew his effort to harass Mr. Holder, by forcing him to travel to testify where his testimony would contribute nothing for either side.

## **CONCLUSION**

For the foregoing reasons, the Subpoena should be quashed.

DATED:  July 23, 2018                    Respectfully submitted,

/s/ *Daniela Paez, Esq.*

Michael N. Ungar, Esq. (Ohio Bar #16989)
Daniela Paez, Esq. (Ohio Bar #91212)
ULMER & BERNE LLP
1660 West 2nd Street - Suite 1100
Cleveland, OH  44113-1448
216-583-7000
mungar@ulmer.com
dpaezparedes@ulmer.com

*Attorneys for Third Party Respondent Eric H. Holder Jr.*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2018 a copy of the foregoing was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Case Filing system. Parties and their counsel may access this filing through the Court's Electronic Case Filing system.

                                                                     /s/ *Daniela Paez, Esq.*